**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

GLORIA MENDOZA,

        Plaintiff,

v.                                     No. CIV 02-110 BB/DJS

BOARD OF COUNTY COMMISSIONERS
OF COUNTY OF SANTA FE, and PAUL
DURAN, JAVIER GONZALES, JACK
SULLIVAN, and MARCOS TRUJILLO,
County Commissioners, Individually and in
Their Official Capacities,

        Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

     THIS MATTER comes before the Court for consideration of Defendants' motion to

dismiss (Doc. 10).  The Court has reviewed the submissions of the parties and the relevant law,

and, for the reasons set forth below, finds that the motion to dismiss will be granted as to some

Defendants, but denied as to others.

     In addressing the motion to dismiss, this Court must accept the well-pleaded

allegations of Plaintiff's complaint as true and construe them in the light most favorable to

Plaintiff. *Yousef v. Reno*, 254 F. 3d 1214, 1219 (10th Cir. 2001). A complaint should not be

dismissed under Rule 12( b)( 6) "unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U. S. 41,

45-46 (1957).

According to the complaint, Defendant Duran ("Duran") is chairman of the Santa Fe County Board of County Commissioners.  The other individual Defendants are County Commissioners.  Duran was chairing a meeting of the Board, and Plaintiff approached the podium to speak during a portion of the meeting set aside for public comment on issues of public concern.  Under the Board's rules for public meetings, there are no time or subject restrictions controlling citizens who desire to speak during the public-comment portions of the Board meetings.  Plaintiff began speaking about the County's purchase of a well, and accused the County of not providing proper notice and of being "sinister."  There is no indication in the complaint that Plaintiff raised her voice or was disruptive in any way.  Before Plaintiff had finished speaking, Duran interrupted her and told her to get to the point, and that she would have to sit down if her point was to accuse the Board of impropriety.  Plaintiff said she was not making personal attacks, but was accusing the Board of not having a public process regarding public water.

Plaintiff then switched topics and began speaking about the topic of affordable housing. Shortly after she began, she was interrupted by Duran, who told Plaintiff she could have the floor only if she was going to tell the truth, and that he would not let her tell lies.  Duran told Plaintiff she could have three more minutes to speak, and Plaintiff said she had a right to speak and would sit down if she was finished in three minutes.  Duran then immediately instructed deputy sheriffs who were present to remove Plaintiff from the chambers.  After other onlookers objected, Plaintiff was allowed to continue speaking.  She then asked Duran if he did this to "the people of La Cienega all that (sic) time," and told Duran that he did not do this to people from the east side of Santa Fe or the north side, implying that Duran favored people from the wealthier areas of the County.  Duran then said, "Okay, Sheriff.  You can come and get her now."  Plaintiff was

2

removed from the chambers, stayed out of the meeting for an undetermined period of time, and then returned to speak one more time, without incident.  During the entire exchange between Duran and Plaintiff, the other Defendants did nothing to intervene and did nothing to prevent Plaintiff's removal from the chambers.

Following the meeting, Plaintiff filed this civil-rights lawsuit alleging that her First Amendment right to free speech had been violated.  Defendants have moved to dismiss the case, making two main arguments.  First, the Defendant County of Santa Fe maintains there is no basis for imposing liability on the County, because there has been no allegation of a policy or custom that might have caused a constitutional violation.  Second, all of the individual Defendants argue they are entitled to qualified immunity.

**Municipal Liability of County:**  As Plaintiff has argued in response to Defendants' motion, municipal liability is not always based on the existence of a policy or custom.  Such liability can be based on a single action of a county official or employee, if the official or employee occupies a "policymaking" position with the county with respect to the action taken.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *Hollingsworth v. Hill*, 110 F.3d 733, 743 (10th Cir. 1997) (where a plaintiff seeks to impose municipal liability on basis of a single incident, plaintiff must show the particular illegal action was taken by a person with authority to make policy decisions on behalf of the entity being sued); *see also Reid v. Hamby*, 1997 WL 537909 (10th Cir.) (municipality may be held liable for harm caused by single act of a policymaking officer acting within his authority).  The question in this case, therefore, is whether the individual Defendants can be considered policymakers of Santa Fe County, with respect to the incident in question here.

3

The question of whether a county official is a policymaker for purposes of § 1983 liability is a legal issue, determined on the basis of state and local law. *Dill v. City of Edmond, Oklahoma*, 155 F.3d 1193, 1210 (10th Cir. 1998). To decide the question, the Court must first define the area or issue as to which the official is alleged to be a policymaker. *See generally id.,* 155 F.3d at 1211. In this case, that area or issue is the conduct of the public-comment portion of the meetings of the Board of County Commissioners. The next task is to determine which Defendant or Defendants might qualify as policymakers concerning that particular area or issue. The county official who acted to conduct the meeting appears, from the allegations of the complaint, to have been Duran, who was apparently chairing the meeting due to his position as chairman of the Board. There are no allegations in the complaint indicating that the other Defendants had any authority to control the public-comment segment in any way, or acted in any way to assert such control. The most likely candidate to be the final policymaker for the County, with respect to the public-comment portion of the Board meetings, is therefore Duran.

To determine whether Duran should indeed be considered a policymaker in this case, the Court must look at three factors discussed in the *Dill* opinion: whether Duran's decisions concerning the public comment period were constrained by general policies enacted by others, whether his decisions were reviewable by others, and whether the decisions were within his authority. *Id.* At least according to the allegations of the complaint, all of these factors militate in favor of finding that Duran was the final policymaking authority for the County, with respect to the conduct of the public-comment period. There is no indication that the County had any policies, enacted by someone other than Duran, governing this issue. There is also no indication that his decision to silence Plaintiff and have her removed from the chambers was reviewable by

any other County official.  Finally, given the absence of protest from any other County official, and the fact that the deputies obeyed Duran, it appears at this stage that the decisions he made were within his authority as Chairman of the Board of County Commissioners.  The Court will find, therefore, that Duran was a policymaker, for purposes of the municipal-liability issue, with respect to the incident leading to this lawsuit.[1]  Accordingly, if Duran's actions violated Plaintiff's First Amendment rights, the County may be subjected to liability for that violation.

**Qualified Immunity for Defendant Duran:**  Since Duran is the only Defendant who actively participated in restricting Plaintiff's speech, the Court will address his potential liability separately.  When a defendant requests qualified immunity at the motion-to-dismiss stage, the Court must determine whether the complaint alleges facts sufficient to show two things:  (1) her constitutional rights were violated; and (2) those rights were clearly established at the time of the violation.  *See Bass v. Richards*, 308 F.3d 1081, 1087 (10th Cir. 2002).  In order to decide the first issue, several considerations must be taken into account.  *See Mesa v. White*, 197 F.3d 1041, 1044-45 (10th Cir. 1999) (setting out framework for analyzing claim of violation of First Amendment).

---

[1]Defendants argue that no policymaker cut off Plaintiff's speech or had her removed from the chambers, because the full Board did not pass a resolution taking such action.  Defendants' position appears to be that only the legislative body of a local governmental unit can be a policymaker, and the only action that can lead to liability is a legislative action.  This position is contrary to established law.  As discussed above, an individual local official or employee, even a non-legislative official or employee, can be considered a policymaker if he or she has been delegated the power to set local policy in a certain area.  In this case, the allegations of the complaint indicate that Duran had the authority to unilaterally allow speech during the public comment period or to restrict such speech.  There is no indication at this point that the entire Board had the authority to overrule Duran's parliamentary decisions.  Therefore, until proven otherwise, Duran is considered a policymaker regarding the public's participation in the public-comment portion of the meeting.

First, the Court must determine whether Plaintiff engaged in speech protected by the First Amendment. According to the allegations of the complaint, this is certainly true, as Plaintiff was attempting to speak about public issues such as the purchase of a well by the County and the issue of affordable housing in the County. The next step is to decide what type of forum was the setting of Plaintiff's speech--a public forum, a non-public forum, or a limited public forum. According to *Mesa*, the public-comment portion of the Board meeting constituted a public forum, because it had been designated as a time for public participation. *Id.*

Since the forum involved was a public forum, the standard to be applied in this case is that the restrictions imposed on Plaintiff's speech were required to be content-neutral and narrowly drawn to achieve a significant government interest, and an alternative method of communication of Plaintiff's concerns had to be provided. *Id.* Restrictions on speech that are based on the speaker's viewpoint are "almost universally condemned" and rarely pass constitutional muster. *Id.*, 197 F.3d at 1047.

From the allegations of the complaint, it can be easily inferred that Duran restricted Plaintiff's speech because he did not like what she was saying, and disagreed with the content of her speech and her viewpoint. He allegedly told Plaintiff that she would not be allowed to accuse the Board of impropriety, and would not be allowed to tell lies. These statements both indicate that Duran disagreed with the content of Plaintiff's speech and did not believe she should be allowed to say the things she was saying at the Board meeting. If this disagreement was the basis of Duran's actions restricting Plaintiff's speech, Duran did violate Plaintiff's First Amendment right to free speech. *See Mesa* (where inference could be drawn that restriction on plaintiff's speech resulted from viewpoint discrimination, inference was sufficient to withstand summary

6

judgment motion on First Amendment claim); *see also Hansen v. Bennett*, 948 F.2d 397, 399-400

(7th Cir. 1991) (there was fact question as to whether mayor suppressed plaintiff's speech on

basis of its content, by removing plaintiff from public-comment period of city council meeting;

mayor therefore not entitled to qualified immunity on First Amendment claim); *Musso v.*

*Hourigan*, 836 F.2d 736, 743 (2d Cir. 1988) (rational jury could find board member silenced

plaintiff at open school-board meeting because he disagreed with what plaintiff was saying; board

member therefore not entitled to qualified immunity on First Amendment claim).  Furthermore, as

*Mesa, Hansen,* and *Musso* all show, it was clearly established at the time Duran acted that he

could not constitutionally restrict Plaintiff's speech on the basis of his disagreement with the

content of that speech.  Duran is therefore not entitled to qualified immunity.[2]

---

[2]The Court recognizes Defendants' argument that Plaintiff was being disruptive, by accusing the Board of accepting bribes, and that her speech could be restricted on that basis.  It is true that Duran could constitutionally prevent Plaintiff from disrupting the meeting, for example by yelling, or being unduly repetitious or irrelevant.  *See, e.g., Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 270-71 (9th Cir. 1995) (no First Amendment violation where plaintiff ejected from open meeting because he was yelling and being disruptive); *Jones v. Heyman*, 888 F.2d 1328, 1331-34 (11th Cir. 1989) (where plaintiff's speech, under rules governing public-comment period, was supposed to be limited to certain topic, mayor did not violate First Amendment by refusing to allow plaintiff to speak about a different topic, and by ultimately removing plaintiff from meeting in order to maintain control and order).  At this point, however, the Court's decision must be based solely on the allegations of the complaint.  There are no allegations that Plaintiff was yelling or otherwise being disruptive.  There is also no indication that she was accusing the Board of accepting bribes, although she did strongly criticize the Board by accusing it of being "sinister" and of acting in secret.  Even if she was doing so, however, she had a clearly-established constitutional right to criticize public officials such as the Board of County Commissioners, as long as her manner of criticism was not disruptive.  *See Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998); *see also The New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (debate on public issues should be uninhibited, robust, and wide-open, and it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials).  The mere fact that Plaintiff was accusing the Board of not acting properly cannot be considered a constitutional basis to restrict her speech.

**Qualified Immunity for Other Defendants:**  The only basis Plaintiff has asserted for liability of the individual Defendants other than Duran is that they failed to prevent Duran from violating her constitutional rights, and therefore ratified Duran's actions.  The complaint contains no allegation that other members of the Board had the power to override Duran's parliamentary decisions and orders.  Furthermore, Plaintiff has cited no authority for the proposition that government officials in the other Defendants' position have a duty to act to prevent another official from violating an individual's First Amendment rights.  The only specific authority the Court has found is to the contrary.  *See Musso*, 836 F.2d at 743 (failure of one board member to prevent another board member from silencing plaintiff's speech did not violate any clearly established legal norm; general rule is that, unless a government official is charged with an affirmative duty to act, the official is not liable for failing to prevent another from violating a person's constitutional rights; no such affirmative duty exists with respect to the board member); *Wilkinson v. Bensalem Township*, 822 F.Supp. 1154, 1160 (E.D.Pa. 1993) (two township councilors were entitled to qualified immunity, where only possible basis of liability was failing to prevent president of council from violating plaintiff's First Amendment rights; no clearly established duty to take such action, and no indication councilors had power to control president's manner of presiding over meeting).[3]  As far as the Court can determine, therefore,

---

[3]The only exception the Court has been able to find, to the general rule that an onlooking government official is not liable for constitutional violations committed by a different official, is in the law-enforcement excessive-force context.  *See  Mick v. Brewer*, 76 F.3d 1127, 1135-36 (10th Cir. 1996) (police officer not entitled to qualified immunity where officer had clearly established affirmative duty to intervene to prevent another officer's use of excessive force); *Phoenix v. Reddish*, 175 F.Supp.2d 215, 220 (D.Conn. 2001) (although law enforcement officers have duty to prevent other officers from using excessive force, no clearly established law required mental health worker to intervene to prevent officers from conducting unlawful search and seizure; worker entitled to qualified immunity).

there is a circuit-level case directly holding that defendants in the same position as the other Defendants in this case are not liable for failing to prevent a similar constitutional violation, and there is no Tenth Circuit law contradicting this authority.  The Court must find, therefore, that the other Defendants had no clearly established duty to intervene and prevent Duran from violating Plaintiff's rights.  Therefore, the other Defendants are entitled to qualified immunity.[4]

**Conclusion:**  Based on the foregoing, Defendants' motion to dismiss will be denied as to Defendant Duran and Defendant Santa Fe County Board of County Commissioners.  The motion will be granted as to Defendants Gonzales, Sullivan, and Trujillo.

## ORDER

A memorandum opinion having been entered this date, it is hereby ORDERED that Defendants' motion to dismiss (Doc. 10) be, and hereby is, GRANTED in part and DENIED in part.

Dated this 16th day of January, 2003.

_____
BRUCE D. BLACK
United States District Judge

---

[4]The Court need not decide whether the other Defendants did in fact have a duty to intervene and prevent Duran from restricting Plaintiff's speech.  It is enough to determine that such a duty, if it existed, was not clearly established at the time of the incident in question.

**Attorneys:**

**For Plaintiff**
Linda M. Vanzi
Debra Poulin
**For Defendants**
William D. Slease
Jonlyn M. Martinez